IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHELIA JENKINS                                                                                                    PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 3:07CV623TSL-JCS

ALCO PATTON, JR.                                                                                                DEFENDANT

REPORT AND RECOMMENDATION

An order of referral having been entered on July 24, 2008, defendant's motion to dismiss, pursuant to Rule 37(d) is now before the undersigned. Plaintiff has not responded to the motion[1], and the time for doing so has expired. The undersigned, having reviewed the defendant's submissions and the record, concludes that the motion should be denied and further recommends that other, less drastic sanctions be levied.

Plaintiff, who is represented by counsel, filed this action in October, 2007, alleging that defendant negligently caused an automobile collision, in which she was injured. By his motion, filed July 22, 2008, defendant contends that the complaint in this matter should be dismissed on account of plaintiff's willfull and intentionally failure to abide by the court's procedures and orders. In support of his motion, defendant points to the following deficiencies on plaintiff's part:

> The Plaintiff chose to ignore the attorney conference provisions of this Court's Rule 16.1(A) Initial Order despite the urging of counsel for the Defendant. See Exhibit D to the Motion to Dismiss. Pre-Discovery Disclosures from the Plaintiff were not timely provided despite urging by the Defendant (See Exhibit E, letters dated March 3, 5, 25, and April 1, 2008) and were served over two months after the Defendant's Pre-Discovery Disclosures. The Plaintiff's failure to respond to

---

[1] Plaintiff's response to the motion was due on or before August 8, 2008.

1

Interrogatories and Request for Production of Documents necessitated a Motion to Compel on April 7, 2008.  This Court granted the Defendant's Motion to Compel by Order of April 29, 2008. This Order required the Plaintiff to respond to Defendant's discovery requests on May 5, 2008.

Upon the Plaintiff's failure to comply with this Court's Order compelling discovery, the Defendant filed its Motion to Dismiss on May 7, 2008.  Because of additional deficiencies in the Plaintiff's discovery responses, this Defendant filed its Motion to Compel on June 6, 2008, which motion was later refiled on June 11, 2008.  On July 3, 2008, this Court entered its order granting Defendant's Motion to Compel.  In this Order, the Court ordered the Plaintiff to resubmit responses to Interrogatories after signing them under oath.  In addition, the Court ordered the Plaintiff to provide certain medical records and bills on or before July 15, 2008. See Exhibit A.  The Plaintiff has ignored this Order.

"Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice."  Griffin v. Aluminum Co. of America, 564 F.2d 1171, 1172 (5th Cir.1977).  To warrant dismissal with prejudice, the court must be satisfied that "'the failure to comply with the court's order results from wilfulness or bad faith, and not from an inability to comply.'"  Butler v. Cloud, 104 Fed. Appx. 373, 374 (5th Cir. 2004) (quoting Batson v. Neal Spelce Assocs., 765 F.2d 511, 514 (5th Cir. 1985)).  Other considerations for the court include "'whether the other party's preparation for trial was substantially prejudiced,' whether the improper behavior is attributable to the attorney rather than the client, and whether 'a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.'" Id.  Because "[a] dismissal with prejudice under Rule 37 is a 'remedy of last resort' which should be applied only in extreme circumstances," before granting a motion to dismiss, the court should considered whether it can "substantially achieve[] the deterrent value of Rule 37 by imposing an equally effective but less drastic sanction." Id.

Here, while plaintiff's counsel's comportment of himself during the discovery phase of this case is sanctionable, the court has before it no proof that the repeated failure to comply with the court's orders are, in any way, attributable to Ms. Jenkins, so as to warrant the "draconian" remedy of dismissal with prejudice. Thus, the undersigned recommends that defendant's motion to dismiss be denied insofar as it seeks dismissal with prejudice. Instead, the undersigned recommends that, unless, by Monday, September 1, 2008, plaintiff's attorney fully complies with the court's orders granting defendant's motions to compel and also provides proof to the court that he has sent a copy of this report and recommendation to his client via certified mail, the magistrate judge will recommend that the district court judge enter an order excluding any testimony or proof related to medical care provided to plaintiff by University Medical Center or University Physicians. The undersigned further recommends that plaintiff's attorney should be required to not only pay a fine of $500 (to be paid into the registry of the court), but should also be held responsible for the reasonable costs, including attorney's fees, incurred by defendant in having to file both motions to compel, the motion for an extension of time in which to designate experts, as well as the reasonable costs incurred by the filing of this motion. Finally, the undersigned further recommends that defendant's deadline to designate experts be extended to September 30, 2008, with the understanding that other deadlines in the case management order, including the trial setting, may be need to be reevaluated based on the information received by defendant upon plaintiff's attorney's compliance with the orders on the motions to compel.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED, this the 15th day of August, 2008.

        _/s/ James C. Sumner_____
        UNITED STATES MAGISTRATE JUDGE